UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CORNELIUS PIERCE, # 177752, | ) ) ) | |
| Plaintiff, | ) ) | No. 3:17-cv-01322 |
| | ) | CHIEF JUDGE CRENSHAW |
| v. | ) ) | |
| CORRECT CARE, *et al.*, | ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff Cornelius Pierce, formerly an inmate of the Whiteville Correctional Facility in Whiteville, Tennessee, brings this pro se, in forma pauperis action against Correct Care, f/n/u Bridges, Core Civic, and Charlie Peterson under 42 U.S.C. § 1983, alleging violations of the Plaintiff's civil rights. (Doc. No. 1). He also filed a "notice of injury and retaliation" (Doc. No. 3) and two letters to the Court (Doc. Nos. 5 and 9).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.    Notices and Letters**

The Plaintiff has filed a "notice of injury and retaliation" (Doc. No. 3) and two letters to Court (Doc. Nos. 5 and 9). The Plaintiff's notice and letters restate the allegations of the complaint and add details and claims not previously mentioned in the original complaint. The Court will consider the notice and letters in evaluating the Plaintiff's claims pursuant to the PLRA. However, going forward, the Plaintiff is advised that he cannot litigate this action or any action in this Court by way of letters and notices to the Court. Even though the Plaintiff is proceeding pro se and the Court will take into consideration his pro se status when evaluating pleadings and pending motions,

the Plaintiff is still required to comply with the rules governing this case. These rules exist to ensure fairness to all parties. If the Plaintiff wishes for the Court to consider arguments and evidence, he must raise them by way of timely and properly filed motions.

## II. Required Screening

Because the Plaintiff is proceeding in forma pauperis in this case, the Court is required to screen the complaint pursuant to 28 U.S.C. § 1915(e)(2). Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief.

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108,

110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. Section 1983 Standard

Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

### IV. Alleged Facts

The complaint alleges that, on December 28, 2016, while an inmate of the Metro-Davidson County Detention Facility in Nashville, Tennessee, the Plaintiff was working the kitchen detail and fell. During the fall, he sustained injuries to his wrist. The Plaintiff saw a nurse who gave him Naproxen for his pain. The nurse told the Plaintiff that he would see a doctor the next day. After a week passed without seeing a doctor, the Plaintiff began "putting in sick calls" and was finally seen by a doctor in February 2017. (Doc. No. 1 at 5). Soon thereafter, the Plaintiff received an x-ray and learned that his wrist was broken. (Doc. No. 3 at 1). The doctor told the Plaintiff that there was "nothing they can do about [his] wrist [be]cause it happen[ed] to[o] long ago." (Id.) According to the complaint, the Plaintiff's wrist constantly hurts. (Doc. No. 1 at 5).

The Plaintiff believes that Core Civic retaliated against him for filing this lawsuit by sending the Plaintiff to the Whiteville prison. (Doc. Nos. 3 at 2, 9 at 1). The Plaintiff describes by letter how the Whiteville staff refused assist the Plaintiff with his trust fund account statement and refused to

give him papers he needs to challenge his sentence. (Doc. No. 9 at 1). The Plaintiff also believes that Core Civic retaliated against him by conducting "shakedowns" and accusing the Plaintiff of having a knife in his cell that the Plaintiff says did not belong to him. (Id.)

V.      Analysis

   A.      **Deliberate indifference to serious medical needs claims**

The complaint alleges that the Plaintiff did not receive appropriate medical treatment for the wrist injury he sustained in a fall at the Metro-Davidson County Detention Facility in December 2016. He names four Defendants: Correct Care, Core Civic, Charlie Peterson of Core Civic "for hiring Correct Care," and Dr. Bridges "for malpractice." (Doc. No. 1 at 5).

The United States Supreme Court has held that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A claim of deliberate indifference under the Eighth Amendment has both an objective and subjective component. Rouster v. Cnty. of Saginaw, 749 F.3d 437, 446 (6th Cir. 2014). A plaintiff satisfies the objective component by alleging that the prisoner had a medical need that was "sufficiently serious." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). A plaintiff satisfies the subjective component "by alleging facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." Id. The requisite intent is more than mere negligence and is more akin to recklessness. Id.

Complaints of malpractice or allegations of negligence are insufficient to entitle plaintiff to relief. Estelle, 429 U.S. at 105-06. A prisoner's difference of opinion regarding diagnosis or treatment also does not rise to the level of an Eighth Amendment violation. Id. at 107. Further,

where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess the medical judgments of prison officials and constitutionalize claims that sound in state tort law. Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Finally, to set forth a viable claim for the denial of medical care, the plaintiff must argue that his health suffered as a consequence of such alleged denial. See Thaddeus-X v. Blatter, 175 F.3d 378, 401 (6th Cir. 1999).

### 1. Correct Care

Correct Care is the entity presumably responsible for providing medical care to inmates at the Metro-Davidson County Detention Facility. Because Correct Care performs a traditional state function in operating a state prison, Correct Care acts under the color of state law. Street v. Corr. Corp. of Am., 102 F.3d 810, 814 (6th Cir.1996). In order for Correct Care to be liable, the plaintiff must allege that there is a direct causal link between a policy or custom of Correct Care and the alleged constitutional violation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). In other words, Correct Care may be liable under § 1983 "if its official policies or customs resulted in injury to the plaintiff." O'Brien v. Mich. Dep't of Corr., 592 Fed. Appx. 338, 341 (6th Cir. 2014); see also Mason v. Doe, No. 3:12CV-P794-H, 2013 WL 4500107, at *1 (W.D. Ky. Aug. 21, 2013) (collecting cases) ("a private corporation may be liable under § 1983 when an official policy or custom of the corporation causes the alleged deprivation of a federal right").

To hold Correct Care liable, the Plaintiff cannot rely on the theory of respondeat superior or vicarious liability. Street, 102 F.3d at 818. Liability attaches only if Correct Care's policies are shown to be the "moving force" behind the plaintiff's injuries. City of Canton v. Harris, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L.Ed.2d 412 (1989). The plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the

execution of that policy." Garner v. Memphis Police Dep't, 8 F.3d 358, 353-64 (6th Cir. 1993).

Here, the complaint fails to allege that any Correct Care policy was the "moving force" behind the Plaintiff's injuries. City of Canton, 489 U.S. at 388. In fact, the complaint fails to allege the existence of any Correct Care policy relevant to the Plaintiff's claims. Consequently, the Court finds that the complaint fails to state a claim upon which relief can be granted against Correct Care.

    **2.    Core Civic**

Core Civic is "[a] private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." Thomas v. Coble, 55 F. App'x 748, 748 (6th Cir. 2003) (citing Street v. Corr. Corp. of Am., 102 F.3d 810, 814 (6th Cir.1996)); see also Parsons v. Caruso, 491 F. App'x 597, 609 (6th Cir. 2012) (corporation that provides medical care to prisoners can be sued under § 1983). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons. Thomas, 55 F. App'x at 748–49; Street, 102 F.3d at 817–18; Johnson v. Corr. Corp. of Am., 26 F. App'x 386, 388 (6th Cir. 2001). Core Civic "cannot be held liable under a theory of respondeat superior." Braswell v. Corr. Corp. of Am., 419 F. App'x 622, 627 (6th Cir. 2011).

To prevail on a § 1983 claim against Core Civic, the Plaintiff "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. Id. The complaint fails to allege that the Plaintiff's broken wrist was caused by action taken pursuant to a Core Civic official policy or custom, which is required for the Plaintiff to state a claim upon which relief can be granted. See Thomas, 55 Fed. Appx at 749 (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)). Consequently, the Court finds that the complaint fails to state an Eighth Amendment claim against Core Civic.

    **3.    Charlie Peterson**

The complaint names Charlie Peterson as a Defendant because he "hired Correct Care." (Doc. No. 1 at 5). There are no other allegations pertaining to Peterson in the complaint. The complaint does not identify Peterson's job title, but a fair reading of the complaint suggests that Peterson is an employee of Core Civic with decision-making capability. (Id. at 4, 5).

Assuming for the purposes of this screening that Peterson is an employee of Core Civic with the authority to hire the contract medical provider for the Metro-Davidson County Detention Facility, Peterson could be considered a state actor for the same reasons that Core Civic is considered a state actor. See Thomas, 55 F. App'x at 748. The law is settled that actions brought against state actors cannot be maintained under § 1983 on a theory of respondeat superior. See e.g., Monell v. Dept. of Social Serv's of The City of New York, et al., 436 U.S. 658, 659, 691–95 (1978). "[A] plaintiff must plead that each Government-official defendant, through the official's own official actions, violated the Constitution." Iqbal, 556 U.S. at 676. There must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates. See Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984) (citation omitted).

The Plaintiff's claim against Peterson is based on his "hiring" or selection of Correct Care as the jail's medical provider. The complaint does not allege that Peterson was directly responsible for the Plaintiff's alleged inadequate medical treatment, nor can any such claims be liberally construed against Peterson. Neither does the complaint allege that Peterson "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending" party or parties. Id. Consequently, the complaint fails to state § 1983 claims upon which relief can be granted as to Peterson based on supervisory liability.

### 4. Dr. Bridges

With regard to Dr. Bridges, the complaint alleges that he examined the Plaintiff in February 2017, ordered an x-ray of the Plaintiff's wrist, and told the Plaintiff that his wrist was broken and there was "nothing they can do about [his] wrist [be]cause it happen[ed] to[o] long ago." (Doc. No. 3 at 1). The complaint does not allege that Dr. Bridges played any role in the Plaintiff's alleged delay of medical treatment. The complaint seeks monetary damages against Dr. Bridges "for malpractice." (Id. at 5).

The Court assumes for purposes of the required screening that the Plaintiff's wrist injury constituted a sufficiently serious medical need. See Rouster, 749 F.3d at 446. To the extent that the complaint alleges a claim based on a delay in examining, diagnosing, or treating the Plaintiff's injury, the complaint does not allege any deliberate indifference on the part of Dr. Bridges. In fact, the complaint fails to allege that Dr. Bridges played any role whatsoever in the delayed examination, diagnosis, and treatment of the Plaintiff. Even if the medical treatment provided by Dr. Bridges was allegedly deficient in some manner, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 105-06. Simply put, an inmate is not entitled to the "best" medical treatment available. Bemer v. Correctional Med. Services, No. 10-12228, 2012 WL 525564, *7 (E.D. Mich. Jan. 27, 2012)(citing the 5th Circuit). Consequently, the Court finds that the complaint fails to state a colorable deliberate indifference to serious medical needs claim against Dr. Bridges, and this claim will be dismissed.

### B. Retaliation

The Plaintiff asserts that Core Civic retaliated against him for filing this lawsuit by sending the Plaintiff to the Whiteville prison. (Doc. Nos. 3 at 2, 9 at 1). However, inmates have no constitutional right to be confined in any particular prison. Olim v. Wakinekona, 461 U.S. 238

(1983); Hewitt v. Helms, 459 U.S. 460, 468 (1983)(superseded by statute on other grounds); Meachum v. Fano, 427 U.S. 215, 224 (1976); Beard v. Livesay, 798 F.2d 874, 876 (6th Cir. 1986). Thus, the complaint fails to state retaliation claims under § 1983 claims upon which relief can be granted against any Defendant based on the Plaintiff's transfer to another facility because he has no constitutional right to choose his site of imprisonment.

The Plaintiff also believes that Core Civic retaliated against him by conducting "shakedowns" and accusing the Plaintiff of having a knife in his cell that the Plaintiff says did not belong to him. (Doc. No. 9 at 1). The Plaintiff describes how the Whiteville staff refused assist the Plaintiff with his trust fund account statement and refused to give him papers he needs to challenge his sentence. (Id.)

A prisoner's claim that prison officials have retaliated against him for engaging in protected conduct is grounded in the First Amendment. Thaddeus-X, 175 F.3d at 388 . To establish a prima facie case of retaliation within the context of § 1983, a plaintiff must prove that: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the defendant's conduct was substantially motivated at least in part by retaliation for the plaintiff's protected speech and conduct. Id. at 394-99. In addition to proving a retaliatory motive, the plaintiff must establish that the alleged discriminatory action was punitive in nature by showing other than de minimis harm resulting from it. See Ingraham v. Wright, 430 U.S. 651, 674 (1977); Thaddeus-X, 175 F.3d at 396.

Here, although the Plaintiff alleges that Core Civic and employees of Core Civic retaliated against the Plaintiff in response to the Plaintiff filing a civil rights lawsuit, the Plaintiff does not allege that the retaliatory acts caused any harm, or more than de minimis harm, to the Plaintiff. The Plaintiff has since been released from incarceration, so he has the ability to procure whatever papers

he needs for challenging his sentence. In any event, this action is not the appropriate vehicle for challenging the Plaintiff's sentence. Any such claim raised herein would be dismissed under Heck v. Humphrey, 512 U.S. 477 (1994)(citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973))(emphasis added), in which the Supreme Court stated that "habeas corpus is the exclusive remedy for a state prisoner who challenges **the fact or duration of his confinement** . . . even though such a claim may come within the literal terms of § 1983." Id. at 481.

## VI. Conclusion

For the reasons stated above, the Court finds that the complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 against all Defendants. 28 U.S.C. § 1915(e)(2). In the absence of an actionable claim, the Court must dismiss the complaint sua sponte. Accordingly, this action will be dismissed.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE